## In re IBASIS, INC. DERIVATIVE LITIGATION.

**This Document Relates to all Actions.**

No. 06–12276–DPW.

United States District Court, D. Massachusetts.

May 8, 2008.

Terence K. Ankner, Peter C. Horstmann The Law offices of Partridge, Ankner & Horstmann, LLP, Boston, MA, Jeffrey P.

Fink, Robbins Umeda & Fink, LLP, San Diego, CA, for David Shutvet.

Marguerite Elizabeth Gomperz, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, Joseph P. Messina, Allison W. Phinney, III, John Sylvia, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, MA, for iBasis, Inc.

Timothy J. Perla, Jonathan A. Shapiro, Sharon C. Simpson Jones, WilmerHale LLP, Boston, MA, for Jonathan D. Draluck.

## MEMORANDUM AND ORDER

DOUGLAS P. WOODLOCK, District Judge.

The Plaintiffs have filed a motion for reconsideration of the Memorandum and Order I entered dismissing this shareholder derivative litigation matter. *In re iBasis, Inc. Derivative Litig.*, 532 F.Supp.2d 214 (D.Mass.2007). After finding a lack of federal question jurisdiction, I declined to exercise supplemental jurisdiction over the state law claims. The Plaintiffs argue that even if there is no federal question jurisdiction, this court has diversity jurisdiction to hear the matter. The Plaintiffs, however, failed to allege diversity in their Consolidated Complaint. Consequently, for the reasons set forth more fully below, I will deny the Plaintiffs' motion for reconsideration and to amend the judgment.

### I. Standard of Review

■ In the wake of my dismissal, the Plaintiffs filed a timely motion for reconsideration and to amend judgment pursuant to Fed.R.Civ.P. 59. Reconsideration under Rule 59 is proper in four circumstances: 1) if the initial ruling was based

on an inadequate record; 2) if there has been a material change in controlling law; 3) if there is newly discovered evidence that bears on the question; or 4) if the earlier decision is clearly erroneous and would work a manifest injustice. *Ellis v. U.S.*, 313 F.3d 636, 647–48 (1st Cir.2002), *cert. denied*, 540 U.S. 839, 124 S.Ct. 99, 157 L.Ed.2d 72 (2003). The Plaintiffs rely on the last circumstance to support their motion for reconsideration and to amend the judgment.

### II. Discussion

■ The Plaintiffs argue that I erred in dismissing their consolidated case for lack of subject matter jurisdiction. Specifically, they assert that they are entitled to amend their Consolidated Complaint to raise diversity jurisdiction. I find, however, that they have waived any claims they may have to pursue this case [1] on the basis of diversity jurisdiction.

In his original complaint, one of the Plaintiffs, David Shutvet, alleged both federal question and diversity jurisdiction of this court. (Shutvet Compl. (Docket No. 1) ¶ 18.) Shutvet filed a motion, which was consented to by all the parties, to consolidate the derivative actions and to appoint lead and liaison counsel. The motion included a proposed pretrial order stating: "Plaintiffs shall have 45 days from the entry of this Order to file and serve a single Consolidated Derivative Complaint. The Consolidated Derivative Complaint will supercede all existing complaints filed in the action. Defendants need not respond to any of the pre-existing complaints." (Ps' [Proposed] Pretrial Order No. 1 (Docket No. 13) at 3.) I granted the

---

**1.** I express no view on the question whether the Plaintiffs may initiate another case in state or federal court. I note only that a change of circumstances, *see* Note 2 *infra*, may have made the Plaintiffs' burden of dem-

onstrating demand futility more difficult and that a second case may face the defense of issue preclusion. *See generally* In re *Sonus Networks, Inc.*, 499 F.3d 47 (1st Cir.2007).

Plaintiffs' motion to consolidate the Shutvet and Malozi cases on May 10, 2007. (Docket No. 31.) In the Consolidated Complaint, the Plaintiffs asserted only federal question jurisdiction. (Consolidated Compl. (Docket No. 33) ¶ 11.)

The Plaintiffs now argue that they should be allowed to amend their Consolidated Complaint to correct their jurisdictional omission because 1) the amendment does not cause any undue delay, 2) Shutvet asserted diversity jurisdiction in his original complaint, and 3) complete diversity of the parties can be established by dismissing one of the defendants, Carl Redfield ("Redfield"), who is a dispensable party. I address each argument in turn.

## A. Undue Delay and Prejudice

The Plaintiffs argue that the Rule 15(a) standard supports their motion to amend since they did not act in bad faith and the Defendants will not be prejudiced by this amendment. In order to amend a *judgment*, however, the Plaintiffs must meet the stricter Rule 59 standard. "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir.2006) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.* § 2810.1 (2d ed.1995)). Although the Plaintiffs are plainly subject to the austere regime of Rule 59, I choose to analyze the issues in light of the more lenient standard set by Rule 15(a) in order to illustrate that there is nothing extraordinary about the circumstances to justify the sparing use of a Rule 59 remedy.

Under Rule 15(a), "[i]n appropriate circumstances—undue delay, bad faith, futility, and the absence of due diligence on the movant's part are paradigmatic examples—leave to amend may be denied." *Palmer*, 465 F.3d at 30. The analysis "focuses mostly on the bad faith of the moving party and the prejudice to the opposing party." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir.2004).

The Plaintiffs are apparently concerned that, if required to re-file, they will be prejudiced because, as a result of a change of circumstances, they may be foreclosed from pursuing their claims.[2] Analysis must focus, however, on prejudice to the opposing party and not to the movants, who improvidently abandoned diversity jurisdiction in their Consolidated Complaint.

The Plaintiffs had ample opportunity to re-assert diversity jurisdiction prior to dismissal of their case, but they never did.[3] They not only failed to allege diversity in their Consolidated Complaint, they ignored the contentions in the Defendants' motion to dismiss, and neglected to raise diversity jurisdiction during or after argu-

---

2. The composition of the iBasis board of directors has apparently changed since the date when the Plaintiffs originally filed this action. If the Plaintiffs are required to re-file in state (or federal) court at this point, they may not be able to show demand futility. By contrast, if their complaint is amended in this action, they presumably would be able to allege that, under a relation back theory, demand futility should be assessed at the time of the initial filing of the federal complaint before the change of the composition in the board of directors.

3. In opposition to the motion for reconsideration, the Defendants also argue that the Plaintiffs' motion should be denied due to futility. They assert that the Plaintiffs continue to fail to meet the requirements of Fed.R.Civ.P. 23.1. I did not address the Rule 23.1 arguments in my Memorandum and Order granting dismissal, *In re iBasis, Inc. Derivative Litig.*, 532 F.Supp.2d 214, 225 n. 10 (D.Mass.2007), and I find it unnecessary to address these arguments now in denying the Plaintiffs' current motion.

ments on the motion to dismiss. During the course of arguments on the motion to dismiss, I focused solely on the issue of federal jurisdiction. At no point during this hearing did the Plaintiffs even suggest diversity as a basis for federal jurisdiction. The Defendants will, at a minimum, be prejudiced if I grant the Plaintiffs' motion because they will incur additional expenses to re-litigate dispositive motion practice on grounds the Plaintiffs did not seek to reassert until after dismissal of the case.

Viewing the progress of this case in context, I find that lack of due diligence in considering their jurisdictional premises and undue delay on the part of the Plaintiffs provide sufficient reason to deny their motion for reconsideration. *See Palmer,* 465 F.3d at 31 (holding that a district court "had sufficient reason to reject the plaintiff's belated attempt to amend her complaint" fifteen months after the commencement of her action and nine months after the initial amendment to her complaint); *cf. Connectu LLC v. Zuckerberg,* 522 F.3d 82, 92–93 (1st Cir.2008)(noting the potential for uncertainty and "unwholesome strategic behavior arising from the temptation to manufacture diversity" and finding "no policy-based reason for elongating the reach of the time of filing rule and applying it to a case in which a plaintiff forsakes a claimed entitlement to diversity jurisdiction in favor of a claimed entitlement to federal question jurisdiction").

## B. Diversity Jurisdiction in Original Complaint

The Plaintiffs contend that since diversity jurisdiction had been asserted in Shutvet's original complaint, they should be allowed to amend their Consolidated Complaint to re-assert diversity jurisdiction. The Plaintiffs rely on *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933), to argue that jurisdic-

tion is measured at the commencement of litigation and remains unaffected by consolidation. The Supreme Court has held, as a general proposition, that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties to one suit parties in another." *Id.* at 496–97, 53 S.Ct. 721. Courts have recognized that analysis of diversity jurisdiction remains separate for cases even after they have been consolidated. *See Cella v. Togum Constructeur Ensemleier en Industrie Alimentaire,* 173 F.3d 909, 913 (3d Cir.1999) ("[T]he consolidation order did not result in the joinder of the defendants in the second action to the first action; rather each action retained its own separate identity.... Thus, the District Court should have analyzed the jurisdictional basis of each action independently."); *In re Joint Eastern and Southern Districts Asbestos Litig.,* 124 F.R.D. 538, 541 (E. & S.D.N.Y.1989), *aff'd,* 899 F.2d 1281 (2d Cir.1990) (finding that "the consolidation ruling is simply irrelevant" for purposes of determining jurisdiction).

■ But when an amended pleading, such as the Consolidated Complaint in this proceeding, supercedes the original complaint, jurisdiction is determined based on the amended pleading. "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. U.S.,* —— U.S. ——, 127 S.Ct. 1397, 1409, 167 L.Ed.2d 190 (2007). The First Circuit has recognized that an "amended complaint completely supercedes [the] original complaint, and thus the original complaint no longer performs any function in the case." *Kolling v. Am. Power Conversion Corp.,* 347 F.3d 11, 16 (1st Cir.2003); *see*

*Lopez–Carrasquillo v. Rubianes*, 230 F.3d 409, 411–12 (1st Cir.2000).

The Plaintiffs attempt to distinguish this proceeding by arguing that *Rockwell*, and similar cases, focus on the adequacy of subject matter jurisdiction whereas their Consolidated Complaint merely failed to raise diversity jurisdiction. What the Plaintiffs fail to acknowledge, however, is that they voluntarily agreed to file a Consolidated Complaint that would supercede each individual plaintiff's original complaint. Indeed, in their motion to consolidate the Shutvet and Malozi cases, the Plaintiffs submitted a proposed pre-trial order which stated: "The Consolidated Derivative Complaint will supercede all existing complaints filed in the action. Defendants need not respond to any of the pre-existing complaints."

The Plaintiffs argue that they did not change any defendants in their Consolidated Complaint, apparently in an effort to avoid the implications of *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136 (1st Cir.2004), where the plaintiff substituted a non-diverse defendant to destroy complete diversity. Their factual premise is simply not true. In fact, they added three new defendants in their Consolidated Complaint; Dan Powdermaker, Sean O'Leary, and Peter D. Aquino were not defendants in the original Shutvet complaint. (*See* Consolidated Compl. ¶¶ 18, 28, 35.)

While the Plaintiffs would have me believe that their failure to re-allege diversity was an "inadvertent mistake," their actions indicate otherwise. They removed all of the statements indicating each individual defendant's citizenship, which were included in Shutvet's original complaint, when they filed the Consolidated Complaint. With the addition of new defendants of unknown citizenship, it is impossible for me to determine from the Consolidated Complaint whether diversity jurisdiction actually exists. The Plaintiffs made a conscious decision to waive diversity claims by consolidating the Shutvet and Malozi cases and filing a Consolidated Complaint which superceded all existing complaints in the action. Their intentions were unambiguous when they agreed that "Defendants need not respond to any of the pre-existing complaints." Since the filing of the Consolidated Complaint, the individual Shutvet and Malozi complaints have no longer performed any function in this case. The Plaintiffs' failure to allege diversity was not a mistake but a considered choice to pursue only federal question jurisdiction. That they miscalculated the strength of their federal claims is not an excuse for them to re-assert diversity post-judgment.[4]

## C. Dropping Dispensable Parties

The Plaintiffs argue that under Fed. R.Civ.P. 21, they can establish complete diversity by dropping a dispensable defendant, Redfield. They allege that Shutvet is a citizen of Illinois and Malozi is a citizen of Florida. By dropping Redfield, who is also a citizen of Florida, the Plain-

---

**4.** The Plaintiffs rely on *Odishelidze v. Aetna Life & Cas. Co.*, 853 F.2d 21 (1st Cir.1988) (per curiam), for the proposition that an inadvertent failure to allege diversity warrants amending the complaint rather than dismissal of the case. "[A]mendment to show that diversity jurisdiction actually exists, although defectively pleaded, is specifically allowed by 28 U.S.C. § 1653". *Odishelidze*, 853 F.2d at 24. But the facts of *Odishelidze* are distinguishable. There, the plaintiff made a typographical error indicating that a defendant's principal place of business was in Puerto Rico rather than Connecticut. *Id.* at 22–23. Unlike *Odishelidze*, the Plaintiffs here did not defectively plead diversity due to a typographical error; instead, they completely omitted *any* allegations of diversity jurisdiction.

tiffs claim they can show complete diversity.

■ To be sure, "Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). But "the grant or denial of a motion to bring in or to drop a party lies in the discretion of the judge." 7 Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.3d* § 1688.

> Although Rule 21 contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining to grant it. Thus, the court typically will deny a request that comes so late in the litigation that it will delay the case or prejudice any of the parties to the action.

*City of Syracuse v. Onondaga County,* 464 F.3d 297, 308 (2d Cir.2006) (quoting 7 Wright, Miller & Kane, Fed. Prac. & Proc. Civ.3d § 1688.1). As discussed above, there has been undue delay and prejudicial lack of due diligence on the part of the Plaintiffs in raising their claim of diversity jurisdiction. Given the facts of this case, I decline to exercise my Rule 21 authority.[5]

### III. Conclusion

For the reasons discussed above, I DENY the Plaintiffs' motion for reconsideration and to amend the judgment.

---

**5.** I note that in Shutvet's original complaint, the plaintiff alleged that another defendant, Charles M. Skibo ("Skibo"), was also a citizen of Florida. (Shutvet Compl. ¶ 28.) The Plaintiffs now allege that Skibo is a citizen of Texas. (Ps' [Proposed] Verified Amended Consolidated Compl. (Docket No. 50, Ex. C) ¶ 21.) The Plaintiffs have failed to provide an explanation for the change in the allegation regarding Skibo's citizenship and it is consequently unclear to me whether exercising my Rule 21 authority to drop Redfield from the Consolidated Complaint would be sufficient to create complete diversity.